## COMMONWEALTH OF MASSACHUSETTS

| U.S. DISTRICT COURT | DISTRICT OF MASSACHUSETTS |
|---|---|
| | DOCKET NUMBER: |

SINGUNTU NTEMO,
    **Plaintiff**

VS.

SEARS, ROEBUCK &CO., AND
CITIGROUP, INC.
    **Defendants**

RECEIPT # 60984
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Singunto Ntemo, is an individual with a residential address of 1 Harbor Street, Apt. #3, Salem, Essex County, Massachusetts 01970.

2. Defendant, Sears, Roebuck & Co., ("Sears") is now and at all times mentioned in this Complaint was, a Domestic Corporation with its principal place of business in Hoffman Estates, Illinois.

   Defendant Sears owns and operates thousands of retail stores throughout the United States, including this District. Defendant, Sears at all times pertinent hereto owned and operated a facility at 45 Congress Street, Salem, Essex County, Massachusetts.

3. Defendant, Citigroup, Inc., ("Citigroup') is now and at all times mentioned in this Complaint, was a Domestic Corporation with its principal place of business in New York, New York.

   Defendant, Citigroup, acquired the credit card telemarketing center from Defendant, Sears. Defendant, Citigroup, or its predecessors, at all times pertinent hereto owned, managed and/or operated a certain facility located at 45 Congress Street, Salem, Essex County, Massachusetts.

## JURISDICTION AND VENUE

4. This Complaint is filed under 42 U.S.C. §2000e-(a)(1) & (2), for violations of Title VII of the Civil Rights Act of 1964. This Court has original jurisdiction of the Federal Civil Rights Laws alleged herein under 28 U.S.C. §1331, where jurisdiction arises under the Constitution of the United States, an Amendment to the Constitution, or an act of Congress or a Treaty of the Untied States.

5. Plaintiff has alleged violations of state law under M.G.L. Chapter 151B, which forbids discrimination of an employee in the workplace based on his/her race, sex, religion, or national origin. Plaintiff has also alleged violations of Title VII of the Federal Civil Rights Act of 1964, over which this District has original jurisdiction under 28 U.S.C. §1331. The Plaintiff's state law claims are so related to the federal law claims that they form the same case or controversy. Therefore, this District has Supplemental, or "Pendent", Jurisdiction over the state law claims pursuant to U.S.C. § 1367(a).

6. The Defendant, Sears, is a Corporation that is subject to personal jurisdiction in this District. Defendant has significant contacts in this District. In particular, Defendant transacts business and is found in this District. Plaintiff was employed by one of Defendant's businesses in Salem, Essex County, Massachusetts. Further, the acts complained of occurred in Defendant's business located in this District. Therefore, Venue in this District is proper under 28. U.S.C. §1391.

7. The Defendant, Citigroup, is a Corporation that is subject to personal jurisdiction in this District. Defendant has significant contacts in this District. In particular, Defendant transacts business and is found in this District. Plaintiff was employed by one of Defendant's businesses in Salem, Essex County, Massachusetts. Further, the acts complained of occurred in Defendant's business located in this District. Therefore, Venue in this District is proper under 28. U.S.C. §1391.

## FACTS

8. Plaintiff is an individual who is from the City of Kinshasa in the Democratic Republic of the Congo, Africa.

9. Plaintiff speaks five (5) different languages, including English, French, and Portuguese.

10. Plaintiff received his Bachelors of the Arts in Education from the University of East London in 1996 and his Masters of the Arts in Education from the University of London in 1998.

11. Plaintiff also has managerial work experience. Plaintiff was employed by Direct Financial Services in Barking/Essex, United Kingdom from September 1996 to March 2001. Plaintiff's responsibilities included managing other personnel, interviewing prospective employees and designing and implementing staff training activities to enhance employee productivity.

12. On or about March 18, 2002, Defendant hired Plaintiff as an intern in its debt collection department.

13. On or about September 26, 2002, Plaintiff applied for one (1) of the three (3) advertised positions for a Hiring Certification Team Manager. Plaintiff underwent the application process, which included various interviews and a written test. Plaintiff had successful interviews and passed the written test.

14. At that time, Plaintiff's team manager was an individual by the name of Ms. Donna Lavita. Ms. Lavita frequently expressed to Plaintiff that is was her position that he was suitable and appropriate for a management position.

15. However, the three (3) Hiring Certification Team Manager ("HCT") positions were given only to white individuals.

16. Therefore, Plaintiff remained in the Intern Department.

17. On or about January 30, 2003, Plaintiff applied for a Team Manager position. As with the HCT position, Plaintiff underwent the interview process, which was conducted by Mr. Charles Villi and Mr. Jim Tharpe, who were managers of Asset Management at that time.

18. During the interview, Plaintiff expressed his objection to being placed in the Mentoring Program prior to becoming a Team Manager. Mr. Villi and Mr. Tharpe asked Plaintiff why he would not consider the Mentoring Program. Plaintiff replied it was his position that he was the best possible candidate for the job.

19. Plaintiff was confident that his numerous years of managerial work experience, his educational background and other credentials, such as being fluent in French, would enable him to be a successful team manager and that he did not need to be a part of the Mentoring Program.

20. In March 2003, Defendant informed the Plaintiff that his application for a Team Manager position was denied. Instead, Plaintiff was placed into the Defendant's Mentoring Program.

21. The Plaintiff received no explanation from Defendant as to why he was placed into the Mentoring Program and not into a Team Manager position.

22. While in the Mentoring Program, the Plaintiff received good feedback from his superiors, Ms. Karen Dixon, a Team Manager and from Ms. Celia Diako, a Group Asset Manager.

23. As an intern, the Plaintiff worked solely under Ms. Celia Diako, the Group Asset Manager. Ms. Diako allowed the Plaintiff to manage, supervise and train approximately twelve (12) associates, who worked in a Unit that was created in June 2003, (CD7 - Cycle of Delinquency 7).

24. Each month, every unit in the Debt Collection Department was assigned a certain amount of delinquent money to collect. The "Roll Rate" refers to the amount of money each unit collected from said amount. Plaintiff's unit ranked number 2 in the nation for Roll Rate.

25. In September 2003, Plaintiff also received monetary incentives for his good performance in his own Unit, CD5.

26. In August 2003, Plaintiff requested a promotion. Two weeks later, Mr. Villi informed Plaintiff that there were no openings at that time for a Team Manager position. However, approximately two (2) weeks earlier, Mr. Villi promoted two (2) white employees to Team Manager positions, namely, Mr. O'Keefe and Mr. Hurst. Mr. O'Keefe and Mr. Hurst only had their General Education Development ("GED").

27. Pursuant to the " 'Mentor Team Manager Program', a mentor will remain in that position for approximately three (3) to five (5) months, at which time they will be evaluated on their performance, using the mentor team manager program final check list".

28. The program also provides that:"[u] pon successful completion of the program, the mentor will be promoted to a TM (Team Manager position) and assigned a team within the unit when an opening is present".

29. Finally, the program provides that if the mentor is not successful in the program, they will return to their original assignment and their hourly wages will be addressed accordingly. The Plaintiff was never demoted nor were his hourly wages "addressed" in any way.

30. On September 20, 2004, the Defendant posted a job opening for a Team Manager. The Plaintiff was not promoted.

31. Plaintiff filed his charge of discrimination against the Defendant with the Equal Employment Opportunity Commission on or about September 5, 2003.

32. Thereafter, on or about November 24, 2003, Plaintiff was terminated from his position in the Mentoring Department.

33. Any adverse claims by the Defendant against the Plaintiff occurred after the Plaintiff filed and the Defendant received the EEOC charge of discrimination and after the hiring of Mr. O'Keafe and Mr. Hurst.

34. The evidence clearly supports the Plaintiff's claim that race and/or national origin was a motivating factor in the requirement for him to proceed through the mentoring program in order to be considered for a promotion.

35. Further, the evidence also supports the Plaintiff's position that his race and/or national original played a role in the decision not to promote Plaintiff to Team Manager.

## COUNT I
### Violation of Title VII of the Civil Rights Act/42 U.S.C.A., Section 2000E-2(A)(1)
(Singuntu Ntemo v. Sears)

39. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

40. Defendant's actions, as set forth above, deprived Plaintiff of employment opportunities, and adversely affected Plaintiff's status as an employee, because of his race and/or national origin.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

## COUNT II
### Violation Title VII of the Civil Rights Act/42 U.S.C.A., Section 2000E-2(A)(1)
(Singuntu Ntemo v Citigroup)

42. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

43. Defendant's actions, as set forth above, deprived Plaintiff of employment opportunities, and adversely affected Plaintiff's status as an employee, because of his race and/or national origin.

44. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT III
### Violation of Title VII of the Civil Rights Act/42 U.S.C.A., Section 2000E-2(A)(2)
(Singuntu Ntemo v. Sears)

45. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

46. Defendant's actions, as set forth above, constitute Defendant's deprival of employment opportunities and adversely effecting Plaintiff's status as an employee because of Plaintiff's race.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT IV
### Violation of Title VII of the Civil Rights Act/42 U.S.C.A., Section 2000E-2(A)(2)
(Singuntu Ntemo v. Citigroup)

48. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

49. Defendant's actions, as set forth above, constitute Defendant's deprival of employment opportunities and adversely effecting Plaintiff's status as an employee because of Plaintiff's race.

50. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT V
### Violation of M.G.L., Chapter 151B.
(Singuntu Ntemo v. Sears)

51. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

52. Defendant's actions as set forth above, constitute discrimination on the basis of race and/or national origin in violation of M.G.L., Chapter 151B.

53. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

## COUNT VI
## Violation of M.G.L., Chapter 151B.
(Singuntu Ntemo v. Citigroup)

54. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

55. Defendant's actions as set forth above, constitute discrimination on the basis of race and/or national origin in violation of M.G.L., Chapter 151B.

56. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

## COUNT VII – RETALIATION
(Singuntu Ntemo v. Citigroup)

57. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

58. Defendant's actions, as set forth above, constitute retaliation in violation of M.G.L, Chapter 151B and Title VII.

59. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

   **WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus attorney's fees, interest and cost.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby respectfully demands a trial by jury on all issues so triable.**

Dated: December 20, 2004

**SINGUNTO NTEMO**
By His Attorneys,

**RUBIN, WEISMAN, COLASANTI,
KAJKO & STEIN, LLP**

_____
David B. Stein, BBO# 556456
430 Bedford Street
Lexington, MA 02420
Tel.: (781) 860-9500
Fax: (781) 863-0046

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Singuntu Ntemo

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☑ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☑   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑   Central Division ☐   Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David B. Stein
ADDRESS  Rubin, Weisman, Colasanti, Kajko & Stein, 430 Bedford Street, Lexington, MA 02420
TELEPHONE NO.  1-781-860-9599

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Singuntu Ntemo

### DEFENDANTS
Sears, Roebuck & Co.
&
Citigroup, Inc.

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rubin, Weisman, Colasanti, Kajko & Stein
430 Bedford Street
Lexington, MA 02420

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of 42 U.S.C.A. Section 2000E-2(a)(1+2). Defendant discriminated against Plaintiff in the workplace based on his race/national origin.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 12.20.04
SIGNATURE OF ATTORNEY OF RECORD: David B. Stein

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____