UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and CITY GROUP, INC.<br>    Defendant | CIVIL ACTION NO. 04-12682NMG |

### ANSWER OF SEARS, ROEBUCK AND CO.

The defendant Sears Roebuck and Co. ("Sears") answers the Complaint as follows:

### Preliminary Statement

By way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations that are contained in the averment or in the Complaint as a whole. These comments are incorporated to the extent appropriate into each numbered paragraph in the Answer.

1.  Sears, Roebuck and Co. ("Sears") is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.  Sears admits the allegations set forth in the first sentence of paragraph 2. Sears admits that it operates retail stores throughout the United States, including in this district. Sears denies the allegations set forth in the last sentence of paragraph 2.

3.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. No response is required to the allegations set forth in paragraph 4, which merely purport to describe the basis for the claim of relief in the Complaint and purport to state a legal conclusion regarding the jurisdiction of the United States District Court.

5. No response is required to the allegations set forth in paragraph 5, which merely purport to describe the allegations set forth in the Complaint and purports to state a legal conclusion regarding the propriety of the state law claims being litigated in the United States District Court.

6. No response is required to the allegations set forth in paragraph 6, which merely purport to state a legal conclusion. Further answering, Sears admits that it transacts business and is found in this district. Sears also admits that plaintiff was employed at certain times by Sears in Salem, Essex County, Massachusetts. Sears denies that the acts complained of occurred and denies that therefore denies that such alleged acts occurred in Sears' business located in Massachusetts.

7. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Sears admits that on or about March 18, 2002 Sears hired Singuntu Ntemo ("Ntemo") as an intern in its debt collection department.

13. Sears admits that on or about September 26, 2002 the plaintiff applied for one of three advertised positions for Hiring Certification Team Manager. Sears also admits that plaintiff underwent the application process which included various interviews and a written test. Sears denies the remainder of the allegations set forth in paragraph 13.

14. Sears admits that as of September 26, 2002 Ntemo's manager was Donna LaVita. Sears is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 14.

15. Sears admits that the persons hired to fill three Hiring Certification Team Manager positions referenced in paragraph 13 were white. Sears denies the remainder of the allegations set forth in paragraph 15.

16. Sears denies the allegations set forth in paragraph 16.

17. Sears admits that Ntemo applied for a Team Manager position on or about January 30, 2003. Sears is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 17.

18. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Sears admits that it informed Ntemo that his application for a Team Manager position was denied in or about March 2003. Plaintiff also admits that Ntemo

was offered and accepted a place in defendant's mentoring program. Sears denies the remainder of the allegations set forth in paragraph 20.

21. Sears denies the allegations set forth in paragraph 21.

22. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26. Sears admits that in August 2003 Ntemo discussed with his superiors the possibility of a promotion. Sears admits that Villi informed Ntemo at that time that there were no Team Manager positions open at that time. Sears admits that Mr. O'Keefe and Mr. Hurst, both white employees, were promoted to Team Manager positions. Sears admits that Mr. O'Keefe and Mr. Hurst had obtained their GED. Sears denies the remainder of the allegations set forth in paragraph 26.

27. Sears denies the allegations set forth in paragraph 27.

28. Sears denies the allegations set forth in paragraph 28.

29. Sears denies the allegations set forth in the first sentence of paragraph 29. Sears admits that plaintiff was never demoted; Sears denies the remainder of the allegations set forth in the second sentence of paragraph 29.

30. Sears admits that Ntemo was not promoted to Team Manager. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 30.

31. Sears admits the allegations set forth in paragraph 31.

32. Sears denies the allegations set forth in paragraph 32.

33. Sears denies the allegations set forth in paragraph 33.

34. Sears denies the allegations set forth in paragraph 34.

35. Sears denies the allegations set forth in paragraph 35.

36.-38. (There is no paragraph of the Complaint numbered 36, 37 or 38.)

## COUNT I

39. Sears repeats its answers to paragraphs 1 through 35 as is fully set forth herein.

40. Sears denies the allegations set forth in paragraph 40.

41. Sears denies the allegations set forth in paragraph 41.

## COUNT II

42. Sears repeats its answers to paragraphs 1 through 41 as if fully set forth herein.

43. The allegations of paragraph 43 do not apply to Sears, and, therefore, no response is required.

44. The allegations of paragraph 44 do not apply to Sears, and, therefore, no response is required.

## COUNT III

45. Sears repeats its answers to paragraph 1 through 44 as if fully set forth herein.

46. Sears denies the allegations set forth in paragraph 46.

47. Sears denies the allegations set forth in paragraph 47.

## COUNT IV

48. Sears repeats its answers to paragraphs 1 through 47 as if fully set forth herein.

49. The allegation of paragraph 49 does not apply to Sears, and, therefore, no response is required.

50. The allegation of paragraph 50 does not apply to Sears, and, therefore, no response is required.

## COUNT V

51. Sears repeats its answers to paragraph 1 through 50 as if fully set forth herein.

52. Sears denies the allegations set forth in paragraph 52.

53. Sears denies the allegations set forth in paragraph 53.

## COUNT VI

54. Sears repeats its answers to paragraphs 1 through 53 as if fully set forth herein.

55. The allegations of paragraph 55 do not apply to Sears, and, therefore, no response is required.

56. The allegations of paragraph 56 do not apply to Sears, and, therefore, no response is required.

## COUNT VII

57. Sears repeats its answers to paragraphs 1 through 56 as if fully set forth herein.

58. The allegations of paragraph 58 do not apply to Sears, and, therefore, no response is required.

59. The allegations of paragraph 59 do not apply to Sears, and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Sears' actions were based on lawful, nondiscriminatory, business-related reasons wholly unrelated to Ntemo's race and national origin.

### THIRD AFFIRMATIVE DEFENSE

Ntemo failed to make reasonable efforts to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Ntemo's claims are barred by the doctrines of waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Ntemo lacks a good faith factual basis for his claims, thereby entitling Sears to an award of its attorneys' fees, costs and expenses incurred in defending this action.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Ntemo has stated a claim under G.L. c. 151B, which Sears denies, Ntemo has failed to satisfy the conditions precedent to bringing his Complaint pursuant to G.L. c. 151B.

WHEREFORE, Defendant Sears, Roebuck and Co. respectfully requests that the Complaint be dismissed in its entirety, judgment enter on its behalf, and that Sears be awarded its attorneys' fees, costs, expenses, and such other and further relief as the Court may deem just and proper.

SEARS REQUESTS A TRIAL BY JURY ON ALL ISSUES PROPERLY TRIABLE TO A JURY.

SEARS, ROEBUCK AND CO.,
By its Attorneys,


/s/     Andrew R. Levin
Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: April 27, 2005

Doc. #362126