UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and<br>CITIGROUP, INC.,<br>    Defendants | CIVIL ACTION NO. 04-CV-12682 NMG |

**DEFENDANT SEARS, ROEBUCK AND CO.'S
MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES AND
PRODUCTION OF DOCUMENTS**

Defendant Sears, Roebuck and Co. ("Sears"), hereby moves for an order compelling the Plaintiff, Singuntu Ntemo ("Ntemo") to provide written responses to Defendant Sears, Roebuck and Co.'s First Request for Production of Documents and Sears, Roebuck and Co.'s First Set of Interrogatories and to produce all documents responsive to Defendant Sears, Roebuck and Co.'s First Request for Production of Documents. As grounds for this motion, Sears states as follows:

1. On October 27, 2005, Sears served Defendant Sears, Roebuck and Co.'s First Request for Production of Documents and Defendant Sears, Roebuck and Co.'s First Set of Interrogatories to the Plaintiff upon the Plaintiff, Singuntu Ntemo, by first-class mail.[1] Plaintiff's response to this discovery was due on or before November 30, 2005.[2]

2. As disclosed below in the Certification of Counsel, it was agreed by the parties during a Local Rule 37.1 conference on January 5, 2006 that Ntemo would

---

[1] A copy of the document requests and a copy of the interrogatories are attached hereto as Exhibits A and B, respectively.

[2] The Scheduling Order also mandates that all written discovery be completed by December 31, 2005.

provide responses to the written discovery and produce all responsive documents on or before January 13, 2006.

     3.     Ntemo failed to provide written responses to the discovery and failed to produce responsive documents on or before January 13, 2006, and has, as of this date, failed to do so.

     WHEREFORE, Defendant Sears Roebuck and Co. respectfully request that this Court order the plaintiff, Singuntu Ntemo, to provide written responses to Defendant Sears, Roebuck and Co.'s First Request for Production of Documents and Defendant Sears, Roebuck and Co.'s Firs Set of Interrogatories to the Plaintiff and to produce all documents responsive to Defendant Sears, Roebuck and Co.'s First Request for Production of Documents.

     Respectfully submitted,

     SEARS, ROEBUCK AND CO.,
     By its Attorneys,


     _____/s/ Andrew R. Levin_____
     Christine M. Netski, BBO No. 546936
     Andrew R. Levin, BBO No. 631338
     Sugarman, Rogers, Barshak & Cohen, P.C.
     101 Merrimac Street, 9th Floor
     Boston, MA 02114-4737
     (617) 227-3030

Dated: January 23, 2006

## CERTIFICATION OF COUNSEL PURSUANT
## TO LOCAL RULES 7.1(A)(2) AND 37.1(B)

On January 5, 2006, counsel for Sears and counsel for Plaintiff held a conference pursuant to Local Rules for the United States District Court for the District of Massachusetts 7.1(A)(2) and 37.1(B)(2). The conference was held telephonically between Andrew R. Levin, counsel for Sears, and David Stein, counsel for Ntemo, and lasted approximately 5-10 minutes. The parties narrowed their area of dispute by agreeing that Ntemo would provide written discovery responses and produce all responsive documents on or before January 13, 2006.

_____/s/ Andrew R. Levin_____
Andrew R. Levin


### CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

| | |
|---|---|
| David B. Stein, Esquire | Mark W. Batten, Esquire |
| Rubin, Weisman, Colasanti, Kajko & Stein, LLP | Proskauer Rose LLP |
| 430 Bedford Street | One International Place |
| Lexington, MA 02420 | 14th Floor |
| | Boston, MA 02110-2600 |

_____/s/ Andrew R. Levin_____
Andrew R. Levin

Doc. #372701

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>        Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and<br>CITIGROUP, INC.,<br>        Defendants | CIVIL ACTION NO. 04-CV-12682 NMG |

**DEFENDANT SEARS, ROEBUCK AND CO.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Sears, Roebuck and Co. ("Sears"), hereby requests, pursuant to Fed. R. Civ. P. 34, that Plaintiff Singuntu Ntemo ("Ntemo") produce for examination and/or copying all documents in the below categories.

**Definitions and Instructions**

The following definitions and instructions are applicable to all requests contained herein:

    A.    The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts are incorporated herein by reference.

    B.    Unless otherwise specified, these requests are not limited in time or scope.

    C.    If you object to any document request on the ground that the requested document is privileged and/or otherwise not subject to discovery, you are requested to (a) identify sufficient information to permit the document that is allegedly privileged or otherwise not subject to discovery to be identified including (i) the name, title and employer or affiliation of author, (ii) name, title and employer or affiliation of any

addresses or person who received carbon copies, (iii) the date of the document and (iv) the subject matter of the document; and (b) identify the specific grounds upon which you rely in asserting the privilege in order that the Court may determine the propriety of the assertion.

### Document Requests

1. All documents that support the allegation in paragraph 13 of the Complaint that you had successful interviews and passed the written test.

2. All documents that support your allegation that Donna Lavita expressed to you that it was her position that you were suitable and appropriate for a management position.

3. All documents that support your allegation in paragraph 34 of the Complaint that race and/or national origin was a motivating factor in the requirement for you to proceed through the mentoring program in order to be considered for a promotion.

4. All documents that support your allegation in paragraph 35 of the Complaint that race and/or national origin played a role in the decision not to promote you to Team Manager.

5. All documents concerning your job performance for Sears or Citigroup.

6. All documents that support your allegation that you have suffered damages as the result of the conduct of Sears.

7. All documents that support your allegation that Sears's conduct constitutes discrimination on the basis of race and/or national origin in violation of G.L. c. 151B,

8. All documents that support your claim that you have suffered emotional distress as the result of Sears's conduct as described in your complaint.

9. All medical records, including psychiatrist or psychologist records, relating to any treatment you have received as the result of the emotional distress you allege you have suffered as the result of Sears's conduct.

10. All documents concerning communications with the MCAD or EEOC concerning your employment with Sears or Citigroup.

11. All documents concerning any proceedings initiated by you before the MCAD or EEOC relating to your employment with Sears or Citigroup.

12. All documents concerning any communication between you and any other person with respect to your employment with Sears or Citigroup.

13. All documents that you intend to use at trial, whether as exhibits, trial aids, chalks or otherwise.

14. All documents concerning any employment between January 1, 1995 and the present; including, but not limited to, documents evidencing your salary, your title or position, your duties and responsibilities and your work performance.

15. All documents concerning any claim for unemployment benefits you have made since the termination of your employment with Citigroup.

16. All documents that support your claim that you have incurred lost or impaired earning capacity as a result of the alleged conduct of Sears and/or Citigroup, including, but not limited to, all state and federal income tax returns (including all schedules and attachments thereto), together with all W-2 forms used in the preparation of such returns, for the years 2002 through the present.

17. All other documents not otherwise requested on which you rely to support, or which in any way concerns, your claims in this case.

SEARS, ROEBUCK AND CO.,
By its Attorneys,

_____
Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: October 27, 2005

CERTIFICATE OF SERVICE

    I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

| | |
|---|---|
| David B. Stein, Esquire | Mark W. Batten, Esquire |
| Rubin, Weisman, Colasanti, Kajko & Stein, LLP | Proskauer Rose LLP |
| 430 Bedford Street | One International Place |
| Lexington, MA 02420 | 14th Floor |
| | Boston, MA 02110-2600 |

_____
Andrew R. Levin

Doc. #369100

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SINGUNTU NTEMO,
    Plaintiff

v.

SEARS, ROEBUCK AND CO. and
CITIGROUP, INC.,
    Defendants

CIVIL ACTION NO. 04-CV-12682 NMG

**DEFENDANT SEARS, ROEBUCK AND CO.'S
FIRST SET OF INTERROGATORIES TO THE PLAINTIFF**

Defendant Sears, Roebuck and Co. ("Sears"), pursuant to Fed. R. Civ. P. 33, submits the following interrogatories to be answered by the Plaintiff, Singuntu Ntemo, within thirty days after service.

**Definitions and Instructions**

The following definitions and instructions are applicable to all requests contained herein:

    A.    The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts are incorporated herein by reference.

    B.    "Ntemo," "you" or "your" means the Plaintiff, Singuntu Ntemo, and anyone acting on his behalf or at his direction.

    C.    Unless otherwise specified, these requests are not limited in time or scope.

    D.    If you object to any Interrogatory on the ground that the requested information is privileged and/or otherwise not subject to discovery, you are requested to (a) identify sufficient information to permit the information that is allegedly privileged or

otherwise not subject to discovery to be identified; and (b) identify the specific grounds upon which you rely in asserting the privilege in order that the Court may determine the propriety of the assertion.

### Interrogatories

1. State the basis for your contention in paragraph 13 of the Complaint that you had successful interviews and passed the written test.

2. Provide details of each instance in which you contend Donna Lavita expressed to you that it was her position that you were suitable and appropriate for a management position. For each such instance please state the following: the date, the time, the location, and, to the best of your recollection, the exact words used by Ms. Lavita to express her position.

3. State the basis for your contention in paragraph 34 of the Complaint that race and/or national origin was a motivating factor in the requirement for you to proceed through the mentoring program in order to be considered for a promotion.

4. State the basis for your contention in paragraph 35 of the Complaint that race and/or national origin played a role in the decision not to promote you to Team Manager.

5. Please identify and itemize all damages that you allege that you suffered as a result of your not being promoted to manager between the time of your hiring at Sears and the time that Sears sold the relevant business unit on or about November 3, 2003.

6. Please state in what ways you contend that Sears's conduct deprived you of employment opportunities and adversely affected your status as an employee.

7.  Please state the basis for your contention that Sears's conduct constitutes discrimination on the basis of race and/or national origin in violation of G.L. c. 151B.

8.  Please provide your employment history from January 1, 1995 to the present. For each job identified, please provide the following information: (i) employer; (ii) dates of employment; (iii) position or title, salary or hourly wage rate; (iv) amount of hours worked per week; (v) a description of your duties and responsibilities; and (vi) the reason that your employment terminated.

9.  Please describe any emotional distress that you allege you have suffered as the result of the alleged conduct of Sears, providing details as to any physical manifestations of your alleged emotional distress, the ways in which such alleged emotional distress has interfered with your enjoyment of your customary daily activities or your employment activities, and all persons with whom you have discussed your alleged emotional distress and/or who have witnessed the manifestations of your alleged emotional distress.

10. To the extent that you have sought treatment for your alleged emotional distress, please identify all providers of such treatment, the dates of such treatment and the nature of such treatment.

11. For each person identified in your Initial Disclosures, please provide a complete description of the substance of their relevant knowledge and their expected testimony at trial.

12. Please list the name and address of each person whom you expect to call as an expert witness at trial and indicate the subject matter on which each such person is

expected to testify, his qualifications in that area, the substance of the facts and opinions to which he is expected to testify and a summary of the grounds for each such opinion.

        SEARS, ROEBUCK AND CO.,
        By its Attorneys,

        _____
        Christine M. Netski, BBO No. 546936
        Andrew R. Levin, BBO No. 631338
        Sugarman, Rogers, Barshak & Cohen, P.C.
        101 Merrimac Street, 9th Floor
        Boston, MA 02114-4737
        (617) 227-3030

Dated: October 27, 2005

## CERTIFICATE OF SERVICE

  I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

| | |
|---|---|
| David B. Stein, Esquire | Mark W. Batten, Esquire |
| Rubin, Weisman, Colasanti, Kajko & Stein, LLP | Proskauer Rose LLP |
| 430 Bedford Street | One International Place |
| Lexington, MA 02420 | 14th Floor |
| | Boston, MA 02110-2600 |

        _____
        Andrew R. Levin

Doc. #369102

4