UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SINGUNTU NTEMO,
    Plaintiff

v.

SEARS, ROEBUCK AND CO. and
CITIGROUP, INC.,
    Defendants

CIVIL ACTION NO. 04-CV-12682 NMG

### DEFENDANT SEARS, ROEBUCK AND CO.'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 37(b)(2)(C)

The defendant, Sears, Roebuck and Co. ("Sears"), hereby moves for an order dismissing the plaintiff's claims against Sears, set forth in Counts I, III and V of the plaintiff's Verified Complaint, in accordance with Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.  As grounds for this motion, Sears states that the plaintiff has failed to comply with this Court's Order of April 3, 2006, granting Sears's motion to compel plaintiff to provide written responses to Defendant Sears, Roebuck and Co.'s First Set of Interrogatories and Defendant Sears, Roebuck and Co.'s First Request for Production of Documents and to produce all documents responsive to Defendant Sears, Roebuck and Co.'s First Request for Production of Documents.  The grounds for Sears's motion are set forth more fully as follows:

    1.    On  October 27, 2005, Sears served Defendant Sears, Roebuck and Co.'s First Set of Answers to Interrogatories to the Plaintiff and Defendant, Sears, Roebuck and Co.'s First Request for Production of Documents on counsel for the plaintiff.  Copies of the interrogatories and documents requests are attached as Exhibits 1 and 2, respectively.

2.  Despite the parties' agreement under Rule 37.1 that plaintiff would provide responses to Sears's written discovery responses by January 13, 2006, no responses were served by that date.

3.  On January 23, 2006, Sears filed its Motion to Compel Written Discovery Responses and Production of Documents.

4.  The plaintiff did not oppose Sears's Motion to Compel and, on April 3, 2006, the Court granted Sears's motion.

5.  Although the plaintiff served Plaintiff's Response to Defendant's First Request for Production of Documents on April 7, 2006, and produced certain responsive documents, the plaintiff still has not served *any* response to Sears's interrogatories and has failed to produce any documents responsive to Request Nos. 15 and 16, despite the representation in his written response that such documents would be produced.  *See* Plaintiff's Response to Defendant's First Request for Production of Documents, attached as Exhibit 3.

6.  As set forth below in the Certification of Counsel Pursuant to Local Rules 7.1(A)(2) and 37.1, Sears's counsel has contacted counsel for the plaintiff on several occasions concerning the plaintiff's failure to comply with the Court's order, to no avail.

7.  Pursuant to Rule 37(b)(2)(C), Sears requests that this Court dismiss the plaintiff's claims against Sears as a sanction for the plaintiff's failure to comply with the Court's Order of April 3, 2006.  *See Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) (upholding dismissal as sanction for failing to comply with court order to appear for deposition and stating that "[t]he sanction of dismissal is an important part of the armamentarium that the law makes available to trial courts").  Indeed, because there has

been an utter failure of the plaintiff to answer Sears's interrogatories (despite the fact that the Court's Scheduling Order expressly provided that written discovery was to be answered by December 31, 2005, and notwithstanding the Court's allowance of Sears's motion to compel), it is difficult to envision a lesser sanction that that would be appropriate under the circumstances of this case.[1]

WHEREFORE, the defendant, Sears, Roebuck and Co., respectfully requests that this Court dismiss the plaintiff's claims against Sears, set forth in Counts I, III and V of the plaintiff's Verified Complaint.

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULES 7.1(A)(2) and 37.1

Counsel for Sears, Christine Netski, spoke with counsel for the plaintiff, David Stein, by telephone on April 12, 2006, and requested that the plaintiff serve his answers to interrogatories and produce the outstanding documents, in accordance with the Court's order. Mr. Stein informed Ms. Netski that his client was out of the country and that he was trying to get in touch with him. Ms. Netski agreed to refrain from proceeding with a motion to dismiss and requested that Mr. Stein report back to her concerning the status of his efforts to reach his client within a week. Mr. Stein did not do so and, therefore, Ms. Netski called Mr. Stein again on April 26, 2006, and Mr. Stein returned her call on April 28, 2006. During their telephone conversation on April 28, 2006, Mr. Stein informed Ms. Netski that his client would be returning on May 8, 2006, and that the discovery responses would be forthcoming shortly thereafter. The discovery responses were not forthcoming and, on May 17, 2006, Ms. Netski called Mr. Stein yet again to

---

[1] Although an order precluding the plaintiff from offering certain evidence at trial might be appropriate where the failure to respond to discovery relates only to specific issues, the interrogatories to which the plaintiff has not responded seek information with respect to numerous liability and damage issues.

discuss the fact that the responses were still outstanding. Mr. Stein informed Ms. Netski that he would be meeting with his client the following week and would then serve the responses. Despite these representations, the plaintiff has still failed to answer Sears's interrogatories and to produce the outstanding documents.

DEFENDANT,
SEARS, ROEBUCK AND CO.,
By its Attorneys,

/s/ Christine M. Netski_____
Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

DATED: June 28, 2006

## CERTIFICATE OF SERVICE

I, Christine M. Netski, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants. The participants are as follows:

| David B. Stein, Esquire<br>Rubin, Weisman, Colasanti, Kajko & Stein, LLP<br>430 Bedford Street<br>Lexington, MA 02420 | Mark W. Batten, Esquire<br>Proskauer Rose LLP<br>One International Place, 14th Floor<br>Boston, MA 02110-2600 |
|---|---|

/s/ Christine M. Netski_____
Christine M. Netski

379330.1

discuss the fact that the responses were still outstanding. Mr. Stein informed Ms. Netski that he would be meeting with his client the following week and would then serve the responses. Despite these representations, the plaintiff has still failed to answer Sears's interrogatories and to produce the outstanding documents.

DEFENDANT,
SEARS, ROEBUCK AND CO.,
By its Attorneys,

/s/ Christine M. Netski_____
Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

DATED: June 28, 2006

## CERTIFICATE OF SERVICE

I, Christine M. Netski, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants. The participants are as follows:

| David B. Stein, Esquire<br>Rubin, Weisman, Colasanti, Kajko & Stein, LLP<br>430 Bedford Street<br>Lexington, MA 02420 | Mark W. Batten, Esquire<br>Proskauer Rose LLP<br>One International Place, 14th Floor<br>Boston, MA 02110-2600 |
|---|---|

/s/ Christine M. Netski_____
Christine M. Netski

379330.1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and<br>CITIGROUP, INC.,<br>Defendants | CIVIL ACTION NO. 04-CV-12682 NMG |

### DEFENDANT SEARS, ROEBUCK AND CO.'S
### FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Defendant Sears, Roebuck and Co. ("Sears"), pursuant to Fed. R. Civ. P. 33, submits the following interrogatories to be answered by the Plaintiff, Singuntu Ntemo, within thirty days after service.

### Definitions and Instructions

The following definitions and instructions are applicable to all requests contained herein:

A. The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts are incorporated herein by reference.

B. "Ntemo," "you" or "your" means the Plaintiff, Singuntu Ntemo, and anyone acting on his behalf or at his direction.

C. Unless otherwise specified, these requests are not limited in time or scope.

D. If you object to any Interrogatory on the ground that the requested information is privileged and/or otherwise not subject to discovery, you are requested to (a) identify sufficient information to permit the information that is allegedly privileged or

otherwise not subject to discovery to be identified; and (b) identify the specific grounds upon which you rely in asserting the privilege in order that the Court may determine the propriety of the assertion.

### Interrogatories

1. State the basis for your contention in paragraph 13 of the Complaint that you had successful interviews and passed the written test.

2. Provide details of each instance in which you contend Donna Lavita expressed to you that it was her position that you were suitable and appropriate for a management position. For each such instance please state the following: the date, the time, the location, and, to the best of your recollection, the exact words used by Ms. Lavita to express her position.

3. State the basis for your contention in paragraph 34 of the Complaint that race and/or national origin was a motivating factor in the requirement for you to proceed through the mentoring program in order to be considered for a promotion.

4. State the basis for your contention in paragraph 35 of the Complaint that race and/or national origin played a role in the decision not to promote you to Team Manager.

5. Please identify and itemize all damages that you allege that you suffered as a result of your not being promoted to manager between the time of your hiring at Sears and the time that Sears sold the relevant business unit on or about November 3, 2003.

6. Please state in what ways you contend that Sears's conduct deprived you of employment opportunities and adversely affected your status as an employee.

2

7. Please state the basis for your contention that Sears's conduct constitutes discrimination on the basis of race and/or national origin in violation of G.L. c. 151B.

8. Please provide your employment history from January 1, 1995 to the present. For each job identified, please provide the following information: (i) employer; (ii) dates of employment; (iii) position or title, salary or hourly wage rate; (iv) amount of hours worked per week; (v) a description of your duties and responsibilities; and (vi) the reason that your employment terminated.

9. Please describe any emotional distress that you allege you have suffered as the result of the alleged conduct of Sears, providing details as to any physical manifestations of your alleged emotional distress, the ways in which such alleged emotional distress has interfered with your enjoyment of your customary daily activities or your employment activities, and all persons with whom you have discussed your alleged emotional distress and/or who have witnessed the manifestations of your alleged emotional distress.

10. To the extent that you have sought treatment for your alleged emotional distress, please identify all providers of such treatment, the dates of such treatment and the nature of such treatment.

11. For each person identified in your Initial Disclosures, please provide a complete description of the substance of their relevant knowledge and their expected testimony at trial.

12. Please list the name and address of each person whom you expect to call as an expert witness at trial and indicate the subject matter on which each such person is

expected to testify, his qualifications in that area, the substance of the facts and opinions to which he is expected to testify and a summary of the grounds for each such opinion.

SEARS, ROEBUCK AND CO.,
By its Attorneys,

*/s/ Andrew R. Levin*

Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: October 27, 2005

## CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

David B. Stein, Esquire
Rubin, Weisman, Colasanti, Kajko & Stein, LLP
430 Bedford Street
Lexington, MA 02420

Mark W. Batten, Esquire
Proskauer Rose LLP
One International Place
14th Floor
Boston, MA 02110-2600

*/s/ Andrew R. Levin*

Andrew R. Levin

Doc. #369102

4

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and<br>CITIGROUP, INC.,<br>Defendants | CIVIL ACTION NO. 04-CV-12682 NMG |

**DEFENDANT SEARS, ROEBUCK AND CO.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Sears, Roebuck and Co. ("Sears"), hereby requests, pursuant to Fed. R. Civ. P. 34, that Plaintiff Singuntu Ntemo ("Ntemo") produce for examination and/or copying all documents in the below categories.

**Definitions and Instructions**

The following definitions and instructions are applicable to all requests contained herein:

A.   The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts are incorporated herein by reference.

B.   Unless otherwise specified, these requests are not limited in time or scope.

C.   If you object to any document request on the ground that the requested document is privileged and/or otherwise not subject to discovery, you are requested to (a) identify sufficient information to permit the document that is allegedly privileged or otherwise not subject to discovery to be identified including (i) the name, title and employer or affiliation of author, (ii) name, title and employer or affiliation of any

addresses or person who received carbon copies, (iii) the date of the document and (iv) the subject matter of the document; and (b) identify the specific grounds upon which you rely in asserting the privilege in order that the Court may determine the propriety of the assertion.

## Document Requests

1. All documents that support the allegation in paragraph 13 of the Complaint that you had successful interviews and passed the written test.

2. All documents that support your allegation that Donna Lavita expressed to you that it was her position that you were suitable and appropriate for a management position.

3. All documents that support your allegation in paragraph 34 of the Complaint that race and/or national origin was a motivating factor in the requirement for you to proceed through the mentoring program in order to be considered for a promotion.

4. All documents that support your allegation in paragraph 35 of the Complaint that race and/or national origin played a role in the decision not to promote you to Team Manager.

5. All documents concerning your job performance for Sears or Citigroup.

6. All documents that support your allegation that you have suffered damages as the result of the conduct of Sears.

7. All documents that support your allegation that Sears's conduct constitutes discrimination on the basis of race and/or national origin in violation of G.L. c. 151B,

8. All documents that support your claim that you have suffered emotional distress as the result of Sears's conduct as described in your complaint.

9. All medical records, including psychiatrist or psychologist records, relating to any treatment you have received as the result of the emotional distress you allege you have suffered as the result of Sears's conduct.

10. All documents concerning communications with the MCAD or EEOC concerning your employment with Sears or Citigroup.

11. All documents concerning any proceedings initiated by you before the MCAD or EEOC relating to your employment with Sears or Citigroup.

12. All documents concerning any communication between you and any other person with respect to your employment with Sears or Citigroup.

13. All documents that you intend to use at trial, whether as exhibits, trial aids, chalks or otherwise.

14. All documents concerning any employment between January 1, 1995 and the present; including, but not limited to, documents evidencing your salary, your title or position, your duties and responsibilities and your work performance.

15. All documents concerning any claim for unemployment benefits you have made since the termination of your employment with Citigroup.

16. All documents that support your claim that you have incurred lost or impaired earning capacity as a result of the alleged conduct of Sears and/or Citigroup, including, but not limited to, all state and federal income tax returns (including all schedules and attachments thereto), together with all W-2 forms used in the preparation of such returns, for the years 2002 through the present.

17. All other documents not otherwise requested on which you rely to support, or which in any way concerns, your claims in this case.

SEARS, ROEBUCK AND CO.,
By its Attorneys,

_____
Christine M. Netski, BBO No. 546936
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: October 27, 2005

CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

| David B. Stein, Esquire | Mark W. Batten, Esquire |
| Rubin, Weisman, Colasanti, Kajko & Stein, LLP | Proskauer Rose LLP |
| 430 Bedford Street | One International Place |
| Lexington, MA 02420 | 14th Floor |
| | Boston, MA 02110-2600 |

_____
Andrew R. Levin

Doc. #369100

4

**EXHIBIT 3**

Case 1:04-cv-12682-NMG    Document 19-4    Filed 06/28/2006    Page 1 of 3

United States District Court
District of Massachusetts

CIVIL ACTION NO.: 04-12682 NMG

SINGUNTU NTEMO,
                PLAINTIFF

v.

SEARS, ROEBUCK & CO., and
CITIGROUP, INC.,
                DEFENDANT

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. Plaintiff has enclosed all such documents currently in his possession.

2. Plaintiff has enclosed all such documents currently in his possession.

3. Plaintiff has enclosed all such documents currently in his possession.

4. Plaintiff has enclosed all such documents currently in his possession.

5. Plaintiff has enclosed all such documents currently in his possession.

6. Plaintiff maintains no such documents.

7. Plaintiff has enclosed all such documents currently in his possession.

8. Plaintiff maintains no such documents.

9. Plaintiff maintains no such documents.

10. Plaintiff has enclosed all such documents currently in his possession.

11. Plaintiff has enclosed all such documents currently in his possession.

12. Plaintiff objects to said request on the grounds that it is overly broad and burdensome, and is not limited in time and scope.

13. Plaintiff has made no final determination as to trial exhibits. Plaintiff will supplement said response when a final determination is made.

14. Plaintiff has enclosed all such documents currently in his possession.

15. Plaintiff will produce such documents.

16. Plaintiff will produce such documents.

17. Plaintiff has enclosed all such documents currently in his possession.

Dated: April 7, 2006

> SINGUNTU NTEMO
> By His Attorneys,
> RUBIN, WEISMAN, COLASANTI,
> KAJKO & STEIN, LLP
>
> _____
> David B. Stein, BBO# 556456
> 430 Bedford Street
> Lexington, MA 02420
> Tel.: (781) 860-9500
> Fax: (781) 863-0046

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Dated: 7/7/06

2