UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGUNTU NTEMO,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK AND CO. and<br>CITIGROUP, INC.,<br>    Defendants | CIVIL ACTION NO. 04-CV-12682 NMG |

## DEFENDANT SEARS, ROEBUCK AND CO.'S MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the defendant, Sears, Roebuck and Co. ("Sears"), hereby moves for entry of separate and final judgment in its favor on all of the claims against Sears set forth in the plaintiff's Verified Complaint. Sears states the following as grounds for its motion:

    1.    This is an employment discrimination case in which the plaintiff has brought claims against Sears and Citigroup, Inc. There are no cross-claims between the two defendants.

    2.    On April 3, 2006, this Court granted Sears's Motion to Compel Written Discovery Responses and Production of Documents based upon the plaintiff's failure to serve answers to Sears's interrogatories and to produce certain documents requested by Sears.

    2.    On June 28, 2006, Sears filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(C) based upon the plaintiff's failure to comply with the Court's order granting Sears's motion to compel.

    3.    On August 15, 2006, this Court entered an order granting Sears's motion to dismiss all of the plaintiff's claims against Sears.

4. In its August 15, 2006, Order, the Court also gave the plaintiff leave to move for reconsideration of the dismissal on or before September 15, 2006 "if he has fully complied with the outstanding discovery requests of defendant, Sears, Roebuck and Co. before that date." *See* Order, 8/15/06 Docket Entry No.

5. Since the entry of the Court's August 15, 2006, Order, the plaintiff has not complied with Sears's outstanding discovery requests and has not sought reconsideration of the Court's Order dismissing his claims against Sears.

6. As the deadline has now passed for the plaintiff to comply with his outstanding discovery obligations and to seek reconsideration of the dismissal of his claims against Sears, judgment should now be entered in favor of Sears.

7. In addition, because the allowance of Sears's motion to dismiss resolves the plaintiff's claims against Sears in their entirety, there is no just reason for delay and separate and final judgment should be entered in favor of Sears.

WHEREFORE, Sears respectfully requests this Court to enter separate and final judgment dismissing the plaintiff's claims against Sears, with prejudice.

>DEFENDANT,
>SEARS, ROEBUCK AND CO.,
>By its Attorneys,
>
>/s/ Christine M. Netski
>Christine M. Netski, BBO No. 546936
>Andrew R. Levin, BBO No. 631338
>Sugarman, Rogers, Barshak & Cohen, P.C.
>101 Merrimac Street, 9th Floor
>Boston, MA 02114-4737
>(617) 227-3030

DATED: September 19, 2006

## CERTIFICATE OF SERVICE

    I, Christine M. Netski, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants. The participants are as follows:

| | |
|---|---|
| David B. Stein, Esquire | Mark W. Batten, Esquire |
| Rubin, Weisman, Colasanti, Kajko & Stein, LLP | Proskauer Rose LLP |
| 430 Bedford Street | One International Place, 14th Floor |
| Lexington, MA 02420 | Boston, MA 02110-2600 |

/s/ Christine M. Netski
Christine M. Netski

382295